FILED IN
COURT OF CRIMINAL APPEALS

August 13, 2015

ABEL ACOSTA, CLERK

PD-1634-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/12/2015 6:19:57 PM
Accepted 8/13/2015 2:09:11 PM
ABEL ACOSTA
CLERK

**NO. PD-1634-14**

# IN THE COURT OF CRIMINAL APPEALS
## STATE OF TEXAS

---

### AARON JACOB MOORE, Appellant

### VS.

### STATE OF TEXAS, Appellee

---

No. 01-13-00663-CR
IN THE FIRST COURT OF APPEALS, HOUSTON, TEXAS

CAUSE NO. 12-DCR-059791
IN THE 400TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

### STATE'S REPLY BRIEF ON THE MERITS

---

John F. Healey
District Attorney, 268th Judicial District
Fort Bend County, Texas

C. Alexandra Foley
Assistant District Attorney

Gail Kikawa McConnell
SBOT #11395400
Assistant District Attorney
301 Jackson Street
Richmond, Texas 77469
(281) 341-4460 / (281) 238-3340 (fax)

Counsel for the State

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

QUESTION GRANTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

> Does the court of appeals's construction of "the state" in Section 54.02(j)(4)(A), Family Code require dismissal of a case with prejudice without consideration of the factors for oppressive delay in violation of the separation of powers doctrine?

SUMMARY OF THE REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    The office of a district attorney is constitutionally created and protected, and the Separation of Powers violation is the abridgment of the prosecutorial function. . . . . . . . . . . . . . . . . . . . . . 2

    B    The Separation of Powers Clause protects prosecutorial duties under the Juvenile Justice Code, in particular, to protect the public and public safety, and to promote the concept of punishment for criminal acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.    Section 54.02(j)(4)(A) is not a contractual arrangement like the Interstate Agreement on Detainers Act . . . . . . . . . . . . . . . . . . . . . . . 7

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

**CASES**                                                           **PAGE**

Ex parte Youngblood,
      251 S.W. 509 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Johnson v. State
      58 S.W.60 (1900) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Landers v. State,
      256 S.W.3d 295 (Tex. Crim. App. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 2

Langever v. Miller,
      76 S.W.2d 1025 (Tex. 1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Meshell v. State,
      739 S.W.2d 246 (Tex. Crim. App. 1987) . . . . . . . . . . . . . . . . . . 2, 3-4, 5, 7

State ex rel. Eidson v. Edwards,
      793 S.W.2d 1 (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

State v. Williams,
      938 S.W.2d 456 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . 3, 7-8

Williams v. State,
      707 S.W.2d 40 (Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . 3

# TEXAS CONSTITUTION

Article V
      Section 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      Section 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      Section 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

Code of Criminal Procedure
     Article 2.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     Article 12.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     Article 51.14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Family Code
     Section 51.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     Section 51.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     Section 51.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     Section 54.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7, 8

Penal Code
     Section 22.021 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# NO. PD-1634-14

# IN THE COURT OF CRIMINAL APPEALS
## STATE OF TEXAS

---

## AARON JACOB MOORE, Appellant

## VS.

## STATE OF TEXAS, Appellee

---

No. 01-13-00663-CR
IN THE FIRST COURT OF APPEALS, HOUSTON, TEXAS

CAUSE NO. 12-DCR-059791
IN THE 400TH DISTRICT COURT, FORT BEND COUNTY, TEXAS

---

## STATE'S REPLY BRIEF ON THE MERITS

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

## QUESTION GRANTED FOR REVIEW

Does the court of appeals's construction of "the state" in Section 54.02(j)(4)(A), Family Code require dismissal of a case with prejudice without consideration of the factors for oppressive delay in violation of the separation of powers doctrine?

## SUMMARY OF THE REPLY ARGUMENT

Appellant argues that unlike the office of a county attorney, the office of a district attorney is legislatively, not constitutionally created. However, this Court has held that both offices are constitutionally created and protected. The Separation of Powers Clause is violated when the Legislature abridges the prosecutorial function conferred by the Texas Constitution on another department.

Appellant argues that the Texas Constitution authorizes the Legislature to establish other courts. However, that authority does not extend to the creation of a right not to be punished for serious criminal acts or to abridge the prosecutorial authority of the State. Further, the Juvenile Justice Code recognizes that juveniles who commit criminal acts should be prosecuted and punished.

Appellant argues in the alternative that Section 54.02, Family Code is contractual in nature like plea agreements or the Interstate Agreement on Detainers Act ("IADA"). However, in *Williams v. State*, this Court found the contractual nature of the IADA dispositive in distinguishing the IADA from the unconstitutional Speedy Trial Act. Likewise, Section 54.02 is not contractual in nature.

# REPLY ARGUMENT

A.  *The office of a district attorney is constitutionally created and protected, and the the Separation of Powers violation is the abridgment of the prosecutorial function.*

Appellant first argues that in *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim. App. 1987), this Court found a separation of powers violation on the basis of the Freestone County Attorney's "constitutional duty 'to represent the State in all cases in the District and inferior courts.'" [Appellant's Br at 16]  Appellant argues that the district attorney in this case does not have the exclusive prosecutorial duty of the Freestone County Attorney.  [Appellant's Br at 17]

However, in finding that a trial court cannot disqualify a district attorney's office from prosecuting a case, absent prior representation of the defendant in the same criminal action, this Court held:

> In Texas, the elected district or county attorney "shall represent the state in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely." Tex. Code Crim. Proc. art. 2.01.  The office of a district attorney is constitutionally created and protected; thus the district attorney's authority "cannot be abridged or taken away." *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 4 (Tex. Crim. App. 1990).

*Landers v. State*, 256 S.W.3d 295, 303-04 (Tex. Crim. App. 2008) (footnote citations inserted in the text).

Hence, the prosecutorial discretion of the district attorney is just as much

2

protected by the Texas Constitution as that of a county attorney.

Appellant further argues that "Article 5, Section 21[1] [sic], of the Texas Constitution, expressly provides that the Legislature--and therefore, not the Texas Constitution--shall regulate the duties of a district attorney." [Appellant's Br at 17] However, this argument does apply this Court's carefully reasoning in *Meshell*.

In *Meshell*, this Court first recognized that the Texas Constitution conferred on the Legislature, "complete authority to pass any law regulating the means, manner, and mode of assertion of any of [a defendant's] rights in the court." *Meshell*, 739 S.W.2d at 255 (quoting *Johnson v. State*, 58 S.W. 60, 71 (1900)). This Court then observed that a prerequisite to the Legislature's power to act under its constitutional authority "is the existence of a right for which the Legislature can provide procedural guidelines." *Meshell*, 739 S.W.2d at 255. The Court then distinguished the Legislature's "ultimate control over establishment of procedural rules of court" from creating a substantive right that exceeded the Legislature's grant of power and encroached upon another department, citing:

> *Williams v. State*, 707 S.W.2d 40 (Tex. Crim. App. 1986) (per curiam) (Legislature exceeded limited power to enact procedural guidelines for

---

[1] Article 5, Section 21 establishes the offices of the county and district attorney. Tex. Const. art. V, § 21. Section 31(a) now primarily provides the Supreme Court of Texas with rule-making powers for the courts. State's Brief at 13, *see also State v. Williams*, 938 S.W.2d 456, 459 (1997).

3

bail and bail forfeiture); *Ex parte Youngblood*, 251 S.W. 509 (1923) (Legislature exceeded limited authority of contempt power); *Langever v. Miller*, 76 S.W.2d 1025, 1035–38 (Tex. 1934) (legislative power to enact procedural guidelines could not support substantive invasion of court's ability to enforce valid prior judgment).

*Meshell*, 739 S.W.2d at 255.

This Court held that Article 32A, Code of Criminal Procedure violated the Separation of Powers Clause because it was "directed at speeding the prosecutor's preparation and ultimate readiness for trial" and not at "providing procedural guidelines for the speedy commencement of trial." *Meshell*, 739 S.W.2d at 255. The Act, if enforced would deprive the prosecuting attorney "of his exclusive prosecutorial discretion in preparing for trial without any consideration for the factors used in determining whether [the defendant] has been deprived of his constitutional right to a speedy trial." *Id.* at 256.

Likewise, in requiring "a reason beyond the control of the state" to confer jurisdiction on the juvenile court to transfer a case to district court, Section 54.02(j)(4)(A), is "directed at speeding the prosecutor's preparation and ultimate readiness" and not at providing procedural guidelines to prevent unconstitutional oppressive delay in the filing of charges. This statute, if enforced would deprive the prosecuting attorney of his exclusive prosecutorial discretion in filing charges without any consider for the factors used in determining whether the defendant suffered

4

unconstitutional oppressive delay.

Appellant's attempt to distinguish *Meshell* is unavailing.

B        *The Separation of Powers Clause protects prosecutorial duties under the Juvenile Justice Code, in particular, to protect the public and public safety, and to promote the concept of punishment for criminal acts.*

Appellant argues that because the Article V, § 1, of the Texas Constitution authorizes the Legislature to establish other courts, "prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto," Section 54.02(j)(4)(A) is constitutional. [Appellant's Br at 17-18] However, the constitutional authority to establish other courts does not also give the Legislature the authority to create a substantive right not to be punished for serious criminal acts or to encroach on the prosecutorial authority of the State.

In Section D of his brief, Appellant suggests that the district attorney does not have a "criminal case" to prosecute because the proceedings in juvenile court are civil cases. [Appellant's Brief at 14, 18-21] Appellant does not consider the purposes of the Juvenile Justice Code; specifically, "to provide for the protection of the public and public safety," "to promote the concept of punishment for criminal acts," and to "protect the welfare of the community and to control the commission of unlawful acts by children." Tex. Fam. Code § 51.01(1), (2)(A), and (4) (West 2008).

Appellant also does not consider key definitions in the Juvenile Justice Code

5

such as:

- "Prosecuting attorney" means the county attorney, district attorney, or other attorney who regularly serves in a prosecutory capacity in a juvenile court. Tex. Fam. Code § 51.02(11) (West 2008).

- "Delinquent conduct is conduct, other than a traffic offense, that violates a penal law of this state or of the United States punishable by imprisonment or by confinement in jail." Tex. Fam. Code § 51.03(a)(1) (West 2008).

In other words, the Legislature has provided for the prosecution of criminal cases, albeit with due regard for a defendant's age. Dismissal of a juvenile petition when no constitutional violation has occurred means that a serious offense will go unpunished and the public unprotected.

In footnote 21, on page 18, Appellant states "the limitations period appears to be two years, *because* 'it has no limitations period' under Chapter 12, Texas Code of Criminal Procedure." [Appellant's Br at 18, n.21] However, there is "no limitation" for when a felony indictment may be presented for the offense of aggravated sexual assault of a child. Tex. Code Crim. Proc. art. 12.01(1)(B) (West 2008).

In other words, the penetration of the anus of a child, punishable by a sentence of five to ninety-years or life imprisonment and up to a $10,000 fine, is such a serious criminal act, that charges may be brought at any time had Appellant been an adult or if his victim had suffered his sexual acts for a couple more years until Appellant had turned eighteen. Tex. Penal Code § 22.021(a)(1)(B) (West 2008); Tex. Code Crim.

6

Proc. art. 12.01(1)(B); Tex. Fam. Code § 54.02(j)(4)(B)(i) (West 2008).

Like *Meshell*, in enacting a statute that dismisses the State's case when no constitutional violation is shown, the Legislature has encroached on the prosecutorial function conferred by the Constitution on another government department, the district and county attorneys.

C.      *Section 54.02(j)(4)(A) is not contractual in nature.*

Appellant argues in the alternative that Section 54.02(j)(4)(A) is "[s]imilar to a plea bargain and the IADA[2] compact" and is contractual in nature.  [Appellant's Br at 21]  Appellant argues:

> The jurisdictional provision at issue here affords to a district attorney the "benefit" of criminally prosecuting acts otherwise outside a district court's jurisdiction; and in exchange for this opportunity, a prosecuting attorney agrees to "leave at the door" those prosecutorial discretions in criminal district court that may conflict with the juvenile court's jurisdiction and discretion at its waiver hearing.

[Appellant's Br at 21]

Appellant relies on *State v. Williams*, 938 S.W.2d 456 (Tex. Crim. App. 1997), in support of his proposition.  In *Williams*, the State argued that the IADA interfered with its prosecutorial discretion.  *Williams*, 938 S.W.2d at 458.  This Court found the fact that the IADA is a compact between different states dispositive.  *Id.*  at 460.

---

[2]      Interstate Agreement on Detainers Act, codified in Article 51.14, Code of Criminal Procedure.

7

The IADA enables a party state to obtain custody of an out-of-state prisoner for prosecution, and in exchange, imposes some duties upon that state to ensure that the prisoner is quickly returned. This arrangement is thus contractual in nature, and the prosecuting authorities submit to this contract when they obtain a prisoner through the IADA.

*Williams*, 938 S.W.2d at 460.

*Williams* provides no support for finding Section 54.02(j)(4)(A) contractual in nature.

**PRAYER**

The State prays that this Court will find that Section 54.02(j)(4)(A), Family Code violates the Separation of Powers Clause and is unconstitutional, affirm the finding of the juvenile court that there was no oppressive investigatory delay, reverse the judgment of the court of appeals, and affirm the judgment of the juvenile court.

Respectfully submitted,

John F. Healey
SBOT # 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT #11395400
Assistant District Attorney
301 Jackson Street
Richmond, Texas  77469
(281) 341-4460 / (281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

Counsel for the State

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the State's reply brief in total through the prayer is 2,386 words,  which is less than the 7,500 word limit for a brief on the merits.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the State's brief on the merits was served by the electronic filing manager or by email August 12, 2015, on Ms. Carmen Roe, Attorney for Appellant, <carmen@carmenroe.com>, and on Ms. Lisa McMinn, State Prosecuting Attorney, <Lisa.McMinn@spa.texas.gov>.

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

10